[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife was married to the defendant husband on August 28, 1966 in Westport, Connecticut.
The court has jurisdiction in that the plaintiff has resided continuously in the State of Connecticut for at least one year up to the date of filing the complaint. CT Page 2264
Two children have been born to the wife, issue of this marriage, that are presently minors, to wit: Anna Lynne Fox, born February 9, 1976: and George Miller Fox, born October 6, 1974.
The marriage has broken down irretrievably, there is no prospect for reconciliation, and a decree of dissolution may enter.
The parties have been married for twenty-four years. At the time of their marriage the husband was a student at Cornell and the wife was a registered nurse. Approximately one year after the husband graduated from Cornell, they moved to Philadelphia. He went to school and she went to work part time. Shortly thereafter, their first of six children was born.
Husband embarked on a back door approach to medical school. Admittedly his grades at the undergraduate level were not sufficiently good to get him into medical school. He, therefore, opted to go to graduate school, improve on his academic record and then apply to medical school. Finally in 1971, five years after graduating from Cornell, he was accepted to medical school.
In the meantime, wife continued to work and have children. She started her children on a commercial career in December of 1971 in an attempt to supplement the family's income and to support their lifestyle. The wife testified that during the fifteen years of Little Foxes, the total gross income was between $300,000 and $400,000.
The husband began his internship at Yale in 1975. They purchased their first home in New Haven an and shortly thereafter their sixth, and final, child was born.
The wife admitted to an affair with one Buzz Congram in 1975. She further admitted she had fallen in love with him.
A separation occurred in the Spring of 1976 after the husband walked in on his wife while she was having an affair.
In 1984 the husband finished his residency in plastic surgery and went to Hershey to become chief of residency. His salary there was $85,000 per year. In 1985 he went to New Bedford, purchased a house and set up his private practice.
This marriage has been marred by infidelity on the part of both parties; primarily, however, on the part of the wife. These events certainly eroded the relationship, but were not the sole cause of the breakup. The husband's long road through to his career also led to some extent to the erosion and subsequent CT Page 2265 drifting apart.
The court is aware of the contribution made by the wife to the financial well-being of the family while the husband was pursuing his medical career.
Taking under consideration all of the testimony and the mandates of Conn. General Statutes 46b-81, 46b-82 and 46b-84, the court further orders as follows:
1. The husband shall convey all of his right, title and interest in the marital home located at 205 Livingston Street, New Haven, Connecticut, to his wife, subject only to the first mortgage. She shall hold him harmless and indemnify him from any and all claims made therewith. The husband shall be responsible for the payment of the second mortgage and shall hold the wife harmless and indemnify her from all claims made thereunder.
The second mortgage shall be paid in full in the event of the first of the following events occurring:
a. The premises are sold by the wife;
b. January 1, 1994.
2. Wife shall have custody of the minor children and the husband shall have rights of reasonable visitation.
3. Husband shall pay for all private school tuition, books, room and board for the minor children, until they reach their eighteenth birthday.
4. Husband shall pay, as support for the minor children, the sum of $200.00 per week per child.
5. The husband shall maintain Blue Cross, Blue Shield, Major Medical and/or their equivalent for the benefit of the minor children. All unreimbursed medical and dental expenses shall be borne entirely by the husband. This order is subject to Conn. General Statutes 46b-84c.
6. The husband shall pay to the wife as periodic alimony the sum of $1300.00 per week, which alimony shall terminate upon the happening of the first of the following events:
a. death of either party.
b. remarriage by the wife;
c. cohabitation of the wife; CT Page 2266
d. January 1, 2009.
Said alimony shall be non -modifiable as to term.
7. The husband shall pay to the wife, as lump sum alimony, within 60 days, the sum of $12,000.00.
8. All the furnishings in the marital home shall become the sole and exclusive property of the wife.
9. Each of the parties, except as otherwise ordered, shall be responsible for the payment of his or her own liabilities as shown on the respective financial affidavits. Each of the parties shall also be responsible for his or her own and attorney's fees.
SOCRATES H. MIHALAKOS, Judge